UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LEENDERT OSKAM,<br><br>                              Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | Civil No.: 16cv01530 JAH<br>Criminal No.: 11cr00614 JAH<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT HIS SENTENCE UNDER 28 U.S.C. § 2255 [Doc. Nos. 42, 51]** |

      Petitioner John Oskam moves this Court to vacate and correct his sentence under 28 U.S.C. section 2255. Respondent opposes the motion. After a thorough review of the record and the parties' submissions, and for the reasons set forth below, this Court DENIES Petitioner's motion.

## BACKGROUND

      On July 25, 2011, Petitioner pled guilty to 11 counts of bank robbery in violation of 18 U.S.C. sections 2113(a) and (d), and one count of using and carrying a firearm in relation to a crime of violence in violation of 18 U.S.C. section 924(c). *See* Doc. Nos. 27, 28. On October 17, 2011, the Hon. M. James Lorenz sentenced Petitioner to 135 months in prison on counts 1 through 11 as to each count, to run concurrent to each other and 84 months on count 12, to run consecutive to count 9 for a total of 219 months, followed by 5 years of supervised release for each count, to run concurrently. *See* Doc. Nos. 34, 37.

On June 17, 2016, Petitioner filed a motion seeking relief under 28 U.S.C. section 2255. Doc. Nos. 42, 43. The action was subsequently transferred to this Court. Respondent filed an opposition and Petitioner filed a reply. Doc. Nos. 48, 49. Petitioner, later, filed supplemental briefing. Doc. No. 50. Thereafter, Petitioner filed an amended motion to vacate in which he renews and amends his petition to include all claims and arguments presented in his original petition, reply and supplement briefing to ensure his petition is timely filed. Doc. No. 51.

## LEGAL STANDARD

A section 2255 motion may be brought to vacate, set aside or correct a federal sentence on the following grounds: (1) the sentence "was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

## DISCUSSION

Petitioner asserts he should not have received a sentence of seven years for the section 924(c) count because armed bank robbery is not a crime of violence. He argues the residual clause of section 924(c) is unconstitutionally vague based upon the Supreme Court's ruling in *Johnson v. United States*, 576 U.S. 591 (2015). In opposition, Respondent argues the motion should be dismissed because Petitioner waived his right to collaterally attack his sentence and he procedurally defaulted his claims. Respondent further argues Petitioner fails to carry his burden of proving he was convicted under the residual clause of section 924(c).

**I. Waiver**

Respondent contends the motion should be dismissed because Petitioner waived his right to collaterally attack his sentence. Petitioner waived his right to appeal or collaterally attack his sentence in his plea agreement. *See* Plea Agreement at 9 (Doc. No. 27). A knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence

pursuant to 28 U.S.C. section 2255 is statutory in nature, and a defendant may therefore waive the right to file a section 2255 petition. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that, by entering a plea agreement whereby defendant waived right to appeal his sentence, defendant relinquished his right to directly or collaterally attack his sentence on the ground of newly discovered exculpatory evidence). The scope of a section 2255 waiver may be subject to potential limitations. For example, a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Federal Rule of Criminal Procedure 11 to ensure that the waiver was knowingly and voluntarily made. *See Navarro-Botello*, 912 F.2d at 321. Such a waiver might also be ineffective where the sentence imposed is not in accordance with the negotiated agreement or violates the law. *See Id.*; *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1997).

If Petitioner prevails on his claim that he was sentenced under unconstitutionally vague language, his sentence is illegal and he is not precluded from challenging his sentence despite the waiver. As such, whether Petitioner is barred from seeking collateral relief rests on the merits of his claim.

**II. Procedural Bar**

Respondent argues Petitioner procedurally defaulted his challenge because he failed to file an appeal. A federal prisoner who fails to raise a claim on direct appeal procedurally defaults the claim and must demonstrate cause and prejudice or actual innocence to obtain relief under section 2255. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Respondent contends Petitioner cannot establish cause or prejudice to overcome the bar.

Petitioner maintains any procedural default is excused because his challenge was not reasonably available until the Supreme Court overruled two prior Supreme Court decisions holding the residual clause was not void for vagueness in *Johnson* and overturned lower courts' practice of imposing punishment under the section 924(c) residual clause.

A petitioner may demonstrate cause if his "constitutional claim is so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984).

Prior to the Supreme Court's ruling in *Johnson*, vagueness challenges to the residual clause of the Armed Career Criminal Act ("ACCA") were not reasonably available. Similarly, the possible extension of the reasoning of *Johnson* to the guidelines' similar language was not reasonably available. As such, Petitioner demonstrates cause.

Petitioner also demonstrates prejudice because an application of an incorrect Guidelines range and sentencing affects a defendant's substantial rights. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346-47 (2016); *United States v. Bonilla-Guizar*, 729 F.3d 1179, 1188 (9th Cir. 2013).

### III.  Merits of Petitioner's Claim

In his petition, Petitioner argues the holding invalidating the residual clause of the ACCA applies equally to the residual clause of section 924(c) because the definition of "crime of violence" in the residual clause of section 924(c) is identical to the language of section 16(b) of the Immigration and Nationality Act which the Ninth circuit determined has the same constitutional defects identified in *Johnson*. He maintains armed bank robbery does not qualify as a crime of violence under the force clause of the statute because it does not require proof of violent physical force or the intentional use or threatened use of physical force.

In response, Respondent argues Petitioner fails to carry his burden to demonstrate he was convicted under the residual clause of section 924(c) and maintains Petitioner fails to demonstrate the statute is vague as applied to him. Additionally, Respondent argues armed bank robbery is a crime of violence under the force clause.

In his reply, Petitioner contends the government's argument that the categorial approach does not apply is foreclosed by Ninth Circuit precedent. He further argues armed bank robbery is not categorically a crime of violence.

In *Johnson*, the Supreme Court held that the "residual clause" of the ACCA, which authorized a sentence enhancement based on a finding that a defendant's prior conviction "present[ed] a serious potential risk of physical injury to another," was unconstitutionally vague and could not be relied upon to enhance a sentence. 135 S.Ct. 1557. Here, Petitioner

challenges section 924(c) which generally prohibits the possession, carrying, or use of a firearm in relation to a crime of violence and carries a mandatory sentence. It defines a "crime of violence" as an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Courts generally refer to clause (A) as the "force clause" and to clause (B) as the "residual clause." *See United States v. Gutierrez*, 876 F.3d 1254, 1256 (9th Cir. 2017). In *United States v. Davis*, 139 S.Ct. 2319 (2019), the Supreme Court struck down the residual clause of section 924(c) as unconstitutionally vague. However, the Ninth Circuit has held armed bank robbery qualifies as a crime of violence under the force clause of section 924(c). *United States v. Watson*, 881 F.3d 782 (9th Cir. 2018).

Because Petitioner was sentenced under the force clause and not the invalidated residual clause, he is not entitled to relief under *Davis* or *Johnson* and his motion is DENIED.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules following 28 U.S.C. section 2254, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in Section 2255 cases such as this. A habeas petitioner may not appeal the denial of a Section 2255 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to

proceed further.  <u>Lambright v. Stewart</u>, 220 F.3d 1022, 1025-26 (9th Cir. 2000) (citing <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000)).

Based on this Court's review of the record, this Court finds no issues are debatable among jurists of reason and no issues could be resolved in a different manner.  This Court further finds that no questions are adequate to deserve encouragement to proceed further.  Therefore, Petitioner is not entitled to a certificate of appealability.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Petitioner's motion to modify his sentence is **DENIED**;
2. Petitioner's motion for an order to set a briefing schedule (Doc. No. 46) is **DENIED as moot**;
3. Petitioner is **DENIED** a certificate of appealability.

DATED:   September 7, 2021

_____
JOHN A. HOUSTON
United States District Judge